UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| GLT Technovations, LLC, a Nevada Limited Liability Company,<br><br>          Plaintiff,<br><br>     v.<br><br>Safariland, LLC, a Delaware Limited Liability Company,<br><br>          Defendant. | Case No. 4:16-cv-00323<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

GLT Technovations, LLC ("Plaintiff" or "GLT") complains as follows:

### NATURE OF ACTION

1.      This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*

### JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in that it arises under the United States Patent Laws.

3.      Safariland, LLC ("Defendant" or "Safariland") is subject to this Court's personal jurisdiction because Defendant advertises throughout the United States and in this Judicial District, Defendant's infringing product is available through the internet in this Judicial District, and upon information and belief, Defendant has customers from this Judicial District, and Defendant has

caused injury to Plaintiff within this Judicial District by virtue of the acts of patent infringement that are described herein.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b). Defendant is transacting, conducting/soliciting business, and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## THE PARTIES

5. GLT Technovations, LLC is a Nevada Limited Liability Company with its principal place of business in San Jose, California. GLT is in the business of developing, managing and licensing intellectual property related to capacitive touch screen materials, including related patents and other intellectual property. GLT is the original assignee of U.S. Patent No. 9,051,621 B2, possessing all substantial right, title and interest to a patent issued by the United States Patent and Trademark Office for an invention relating to the transformation of ordinary leather into capacitive, conductive leather for use in making touchscreen compatible leather gloves.

6. The Patent is U.S. Patent No. 9,051,621 B2 (The '621 Patent) issued on June 9, 2015. A copy of the '621 Patent is attached hereto as Exhibit A.

7. Upon information and belief, Defendant is a Delaware limited liability company with offices in Jacksonville, Florida that serves the United States market. Defendant has been manufacturing, distributing or selling its infringing product, within the United States, and within this District, all without consent from Plaintiff. Defendant's infringing product includes, but is not limited to, its Hatch Patrolman Touchscreen Duty Glove, Hatch-TDG-100, (collectively the "Accused Product").

## **FIRST CLAIM FOR RELIEF**

### **(Infringement of the '621 Patent)**

8. Plaintiff incorporates by reference and re-alleges each of the allegations set forth in paragraphs 1-7 above.

9. U.S. Patent No. 9,051,621 B2 (The '621 Patent) issued on June 9, 2015, entitled "material for use with a capacitive touch screen" was issued for the invention of a novel method to modify material for use with a capacitive touch screen. The modified material comprises a material impregnated with a composition comprising either a non-metallic and/or a metallic conductive agent with a binder. A variety of materials are contemplated, including, but not limited to leather. Also described is an apparatus and method of providing a conductive glove is disclosed.

10. Gerald Leto is the sole-inventor of the '621 Patent.  GLT is the original assignee possessing all substantial right, title and interest to the '621 Patent, including the right to sue for infringement. Accordingly, Plaintiff has standing to sue for infringement of the '621 patent.

11. Upon information and belief, Safariland has been and now is directly infringing one or more claims of the '621 Patent, in this judicial District and elsewhere in the United States, by, among other things, practicing a method to modify material comprising a material impregnated with a composition comprising either a non-metallic and/or a metallic conductive agent with a binder for use with a touchscreen device.

12. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '621 patent by making, using, and offering for sale to, and use by, its customers, a material impregnated with a composition comprising either a non-metallic and/or a metallic conductive agent with a binder for use with a touchscreen device.

13.     Defendant has infringed and continues to infringe the '621 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14.     Upon information and belief, Defendant has been and now is directly infringing one or more claims of the '621 Patent, including at least Claim 1 of the '621 Patent, in this judicial District and elsewhere in the United States, by, among other things, manufacturing, distributing and selling the Accused Product to glove retailers within the United States and outside the United States, who directly or indirectly make, import and sell the infringing finished goods into this judicial District and the United States.

15.     Upon information and belief, Defendant's making the Accused Product for use by its customers, including, without limitation, Hatch Patrolman touchscreen gloves, and any similar products, infringes at least Claim 1 of the '621 Patent because the Accused Product allows end-user consumers to operate touchscreen devices with their gloves which are made from the Accused Product.

16.     Upon information and belief, Safariland induces its customers to use the Accused Product to make touchscreen compatible gloves that are sold into the United States.  Thus, Safariland has induced its customers to infringe the '621 Patent literally and/or under the doctrine of equivalents.

17.     Plaintiff, as the proximate result of Defendant's patent infringement, has suffered and, if Defendant is not enjoined, will continue to suffer irreparable harm, for which Plaintiff has no adequate legal remedy.

**PRAYER FOR RELIEF**

Therefore, Plaintiff prays for judgment:

1. That Defendant has infringed the '621 Patent;

2. That Plaintiff be awarded damages from patent infringement according to proof as provided under 35 U.S.C. § 284;

3. Permanently enjoining Defendant and all others acting in concert with Defendant from infringing the '621Patent without permission or license from Plaintiff;

4. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award reasonable attorney's fees;

5. That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on any money judgment; and

6. For such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

GLT Technovations, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  May 13, 2016.              SMITH & LETO

  */s/ Margaret A. Smith*
  Margaret A. Smith (Cal. Bar No. 123428)
  Anthony L. Leto (Cal. Bar No. 148584)
  P.O. Box 310
  Los Gatos, CA  95031
  Tel:  (408) 827-3839
  Fax:  (408) 317-0377
  E-mail:  patentlitigation@smithandleto.com

  Attorneys for Plaintiff
  GLT Technovations, LLC